Appeal from an order of the Supreme Court at Special Term, entered February 14, 1950, in New York County, which denied a motion by defendant for a dismissal of the amended complaint.

Per Curiam.

We find that the complaint is insufficient on its face, and that the defendant is entitled to summary judgment as it has established the sufficiency of its affirmative defenses by documentary evidence, including official records.
We hold that (1) the statute (Transportation Corporations Law, § 12) does not require the defendant to supply a particular kind of current, i.e., nonstandard (DC) current, upon a firm or nontemporary basis (Metropolitan Club v. Consolidated Edison Co. of New York, 276 App. Div. 1061).
*840 (2) The defendant’s rate schedules may not be construed to have required the supply of DC current to the plaintiffs. The complaint fails to set forth any facts to show any violation of the defendant’s rate schedule, or that the defendant’s conduct was arbitrary, capricious, discriminatory, or otherwise unlawful.
(3) The Public Service Commission has already decided as a matter of general policy that the electric current in the area in which the plaintiffs’ premises • are located .should be standardized, i.e., confined to AC current. In addition, in a proceeding instituted by the plaintiffs the commission fixed a date beyond which temporary supply of DC current need not be supplied to the plaintiffs’ premises, and that date has passed.
(4) If there are any reasons, economic or otherwise, why any further nonstandard service should be supplied to the plaintiffs, the question should be presented to the Public Service Commission in the first instance.
(5) The rule of primary administrative jurisdiction applies in actions at law as well as suits in equity (Cardome v. Consolidated Edison Co. of New York, 276 App. Div. 1068).
The plaintiffs are not entitled to recover damages for the cost of conversion of machinery or appliances under the facts and circumstances set forth in the complaint and disclosed by the record.
The order appealed from should be reversed, with $20 costs and disbursements, and the motion to dismiss the complaint should be granted.
Peek, P. J., Glennon, Cohn, Callahan and Shientag, JJ., concur.
Order unanimously reversed, with $20 costs and disbursements to the appellant, and the motion granted, and judgment directed to be entered dismissing the complaint herein, with costs. Settle order on notice.